| | DATE FILED: June 15, 2023 7:09 PM<br>FILING ID: 61684CEDDB6EA<br>CASE NUMBER: 2023CV30462 |
|---|---|
| DISTRICT COURT, WELD COUNTY, STATE OF COLORADO<br>Court Address: 901 9th Ave<br>Greeley, CO 80631 | |
| **Plaintiff:**<br>Jose Hernandez Mendoza,<br><br>v.<br><br>**Defendant:**<br>State Farm Mutual Automobile Insurance, a foreign corporation. | |
| | ▲COURT USE ONLY▲ |
| Attorney for Plaintiff:<br>The Matos Law Firm, LLC<br>Lisandra Matos, #47323<br>Anna N. Martinez, #37756 (*Special Counsel*)<br>13701 W. Jewell Ave. #251<br>Lakewood, CO 80228<br>Phone Number: (720) 453-2557<br>Fax Number:   (866) 309-1845<br>E-Mail:Lisandra@matoslawfirm.com<br>anna@matoslawfirm.com | Case No:<br><br>Division: |
| **COMMPLAINT AND JURY DEMAND** | |

**COMPLAINT AND JURY DEMAND**

Plaintiff Jose Hernandez Mendoza, by and through his attorneys, The Matos Law Firm, LLC, for his Complaint and Jury Demand against the Defendant State Farm, states and alleges as follows:

### I.   PARTIES, JURISDICTION, AND VENUE

1. At all times relevant to this Complaint, Plaintiff Jose Hernandez Mendoza ("Mr. Hernandez") was a resident of the State of Colorado.

2. Defendant State Farm Mutual Insurance Company ("State Farm") is a foreign corporation authorized to issue automobile insurance policies in the State of Colorado.

3. Mr. Hernandez' claims for underinsured motorist benefits arise from personal injuries he

sustained in an automobile collision that occurred on June 17, 2019 on Weld County Road 49 near Weld County Road 22 in Weld County, Colorado.

4. At all relevant times, Mr. Hernandez was an insured of State Farm under an automobile policy of insurance (468-7927-E12-06) that provides $100,000.00 in underinsured motorist (UIM) benefits (the "UIM Policy" or "Policy"), and $5,000.00 in medical payments coverage ("MP Policy"). Mr. Hernandez has multiple policies on multiple vehicles that stack for a total amount of $600,000 of UIM coverage.

5. Upon information and belief, the relevant policy was obtained in Jefferson County, Colorado where Plaintiff resides.

6. Mr. Hernandez paid insurance premiums to State Farm for UIM and MP coverage. State Farm accepted the premium payments with the promise that it would provide the coverages stated in the contract and that it would handle any claim in accordance with industry standards and the requirements of Colorado law.

7. Pursuant to C.R.C.P. 98(c), venue is proper in Weld County, Colorado, because State Farm Insurance can be found, and does business in Weld County. The collision that forms the basis for the UIM claim for benefits occurred in Weld County.

## GENERAL ALLEGATIONS

8. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

9. On June 17, 2019, Plaintiff Mr. Hernandez was travelling southbound on Weld County Road (WCR) 49 near WCR 22 in a 2011 Toyota Camry at an estimated speed of 65 mph.

10. Just before the collision, Richard Marsaw, driving a 1999 Chevrolet Vendome was travelling northbound on WCR 49, and lost control of his car, veering into the opposite lane of traffic where he struck the Plaintiff's vehicle in a head-on collision, and then hit a second vehicle

11. Mr. Marsaw was 100% at fault for causing the collision.

12. Mr. Hernandez was transported from the scene of the collision via ambulance to the emergency room for assessment of his injuries, including chest pain and low back pain.

13. Mr. Hernandez followed up with his regular treating provider where he was given referral for further medical treatment, including epidural steroid injections in the low back. Ultimately, he was referred for surgical intervention for low back pain and functional

limitations.

14. As a direct and proximate result of the subjection collision, Mr. Hernandez suffered personal injuries, damages and losses, including but not limited to the following:

    a. Past, present, and future medical expenses;
    b. Other economic damages, such as property damage;
    c. Past, present, and future pain and suffering;
    d. Past, present, and future emotional distress;
    e. Past, present and future loss of enjoyment of life;
    f. Physical impairment; and
    g. Other injuries and damages not yet determined.

15. Mr. Hernandez gave timely notice to his insurer, Defendant State Farm, of the collision.

16. Driver Mr. Marsaw was underinsured at the time of the collision. He maintained a bodily injury insurance policy, also with State Farm, in the amount of $50,000 per person and $100,000 per accident.

17. The collision resulted in serious injuries to three different motorists, and so Mr. Marsaw's carrier tendered its full policy limit of $100,000 to be apportioned at mediation between all injured parties.

18. On March 1, 2021, Defendant State Farm gave its permission for Mr. Hernandez to settle his part of the bodily injury claim against the at-fault driver for $30,000.

19. On June 22, 2021, Mr. Marsaw's carrier issued a check in the amount of $30,000 to Mr. Hernandez for his portion of the global tender of policy limits.

20. At all relevant times, Plaintiff Mr. Hernandez was insured by State Farm with UIM and MP coverage.

21. Specifically, Mr. Hernandez insured six vehicles in his household for $100,000 of UIM coverage each, for a total of $600,000 of coverage.

22. On or about July 19, 2019, State Farm paid out the medical payments coverage of $5,000 directly to the emergency room for Mr. Hernandez' treatment on the day of the crash, exhausting this coverage.

23. On July 30, 2019, Mr. Hernandez' counsel sent a letter of representation to Defendant State Farm and put it on formal notice of a UIM claim.

24. Defendant State Farm confirmed Mr. Hernandez' coverages on September 6, 2019.

25. On October 16, 2019, Mr. Hernandez submitted a set of medical records and bills to State Farm for its evaluation.

26. On December 27, 2019, State Farm requested signed medical authorizations and a provider list from Mr. Hernandez.

27. On March 24, 2020, Mr. Hernandez submitted another set of medical records and approximately $25,000 in medical bills to State Farm for its evaluation of his UIM claim, including the police report, property damage file, ER physicians bills and records, primary care provider records and bills, imaging records and bills, ambulance records and bills, orthopedic surgery records and bills, and a future surgical recommendation and cost estimate of $100,000 - $120,000.

28. On April 13, 2020, State Farm acknowledged the demand, and offered $500.00, but also disputed the causation and need for the surgical intervention. State Farm requested Mr. Hernandez' past medical records so it could perform a utilization review and/or insurance medical examination.

29. On May 15, 2020, Mr. Hernandez sent State Farm a copy of his prior medical records as requested by it.

30. On May 21, 2020, State Farm issued a form reservation of rights letter to Mr. Hernandez, alleging "refusal to give pertinent information to the company," based upon the fact that while State Farm had a copy of Mr. Hernandez' medical records and bills from the collision, as well as historical medical records, he did not sign a medical release.

31. Mr. Hernandez exercised his right to cure the situation; he submitted a signed medical release and provider list to State Farm on June 1, 2020.

32. State Farm thereafter asked Mr. Hernandez to submit an insurance medical examination with Zaki Ibrahim MD on July 13, 2020. Mr. Hernandez complied with the request.

33. State Farm provided a copy of the insurance medical examination report to Mr. Hernandez on August 4, 2020.

34. Dr. Ibrahim agreed that Mr. Hernandez was injured in the collision, and specifically that his pre-existing degenerative conditions became symptomatic after the collision, causing his low back pain.

35. Dr. Ibrahim further opined that Mr. Hernandez suffered a whole person impairment of

4

    12%.

36. However, this physician disagreed with Mr. Hernandez' providers (two different orthopedic surgeons) that surgical intervention was necessary.

37. On May 5, 2021, State Farm offered Mr. Hernandez $8,536.20 to resolve the UIM claim, reasoning that "the findings support the diagnosis of lumbar stenosis that became symptomatic as a result of the trauma," but that surgical intervention would not help relieve the pain according to Dr. Ibrahim.

38. On May 13, 2021, State Farm increased its offer to $12,500 to resolve the UIM claim.

39. On November 24, 2021, State Farm increased its offer again to $15,000 to resolve the UIM claim.

40. On March 10, 2022, State Farm increased its offer again to $18,378.47.

41. On January 30, 2023, State Farm issued an impasse payment to Mr. Hernandez in the amount of $18,378.47.

42. Mr. Hernandez complied with all conditions precedent to making a claim for UIM and MP benefits to State Farm.

43. Mr. Hernandez fully cooperated with State Farm at all times, and cured any deficiencies brought to his attention.

44. Mr. Hernandez further cooperated by submitting to an insurance medical examination at the request of State Farm.

45. Mr. Hernandez also provided State Farm with a HIPAA release and provider list per its request.

46. Upon information and belief, State Farm did not actually use the release.

47. State Farm has a duty to act reasonably in adjusting Mr. Hernandez' UIM and MP claims.

48. State Farm has a duty to act reasonably in evaluating Mr. Hernandez' claims.

49. State Farm has and owes a duty of good faith and fair dealing toward Mr. Hernandez in adjusting his claims.

**FIRST CLAIM FOR RELIEF**

**(Claim for Payment of UIM Benefits – Defendant State Farm Insurance)**

50. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

51. The subject automobile crash that occurred on June 17, 2019, was caused by the negligent driving of Mr. Marsaw, and resulted in injuries, losses, and damages to Mr. Hernandez.

52. Mr. Hernandez suffered, and continues to suffer injuries, losses and damages as a result of the subject crash, and he is legally entitled to recover these damages from Mr. Marsaw.

53. Mr. Marsaw was underinsured at the time of the subject collision.

54. On the date of the subject collision, State Farm insured Mr. Hernandez under a policy of automobile insurance (insurance contract) issued by it, which included UIM coverage.

55. The insurance contract issued by State Farm requires it to pay Mr. Hernandez the compensatory damages that Mr. Hernandez is entitled to recover from the driver at fault for the subject crash, up to and including the applicable policy limits of $600,000.00:

**UNINSURED MOTOR VEHICLE COVERAGE**

Insuring Agreement

> *We* will pay compensatory damages for *bodily injury* an *insured* is legally entitled to recover from the owner or driver of an *uninsured motor vehicle*. The bodily injury must be:
>
> 1. Sustained by an insured; and
> 2. Caused by an accident that involves the operation, maintenance, or use of an *uninsured motor vehicle* as a motor vehicle.

56. All conditions precedent to the obligation of State Farm to pay Mr. Hernandez his UIM benefits have been met.

57. State Farm is required to pay Mr. Hernandez his UIM benefits pursuant to the insurance contract.

6

58. State Farm has not paid to Mr. Hernandez all of the UIM benefits to which he is entitled pursuant to the insurance contract.

**WHEREFORE**, Plaintiff Mr. Hernandez requests monetary damages in an amount to fairly and justly compensate him for past and future injuries and damages, plus statutory interest from the date this cause of action accrued, pre- and post-judgment interest, and interest as otherwise allowed by Colorado law; court costs; costs; expert witness fees; deposition expenses; attorneys' fees if applicable; and, for such other and further relief as the Court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL TO A JURY OF SIX (6) PERSONS ON ALL ISSUES SO TRIABLE**

Respectfully submitted June 15, 2023

THE MATOS LAW FIRM, LLC
By: */s/ Anna N. Martinez*
Anna Martinez, #37756 (*Special Counsel*)
ATTORNEY FOR PLAINTIFF

**Plaintiff's Address:**
**1370 S Kendall St.**
**Lakewood, CO 80232**

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*